**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108940

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW FIEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMMERCIAL COLLECTION CONSULTANTS, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

MATTHEW FIEL individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against COMMERCIAL COLLECTION CONSULTANTS, INC. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and The Rosenthal Fair Debt Collection Practices Act ("The Rosenthal Act") California Civil Code §1788 et. seq..

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in California.

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of California.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Encino, California.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

15. Defendant's written correspondence to Plaintiff was a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA and The Rosenthal Act.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain, "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

20. Defendant's letter provides, "Unless you notify us within 30 days, we will assume this debt to be valid."

21. Defendant's letter fails to advise Plaintiff that the 30-day period runs from Plaintiff's receipt of the letter, not the date of the letter, as required by 15 U.S.C. § 1692g(a)(3).

22. Defendant's letter fails to advise Plaintiff that Plaintiff must notify Defendant if Plaintiff disputes the debt.  To wit, Defendant's letter only says Plaintiff must "notify" Defendant, but does not state what Plaintiff must notify Defendant of, in violation of 15 U.S.C. § 1692g(a)(3).

23. Defendant's letter fails to advise Plaintiff that Plaintiff may dispute the validity of the debt, or any portion thereof, in violation of 15 U.S.C. § 1692g(a)(3).

24. Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

25. Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

26. Defendant has violated 15 U.S.C. § 1692g(a)(3) by its failure to provide the information required by that Section.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)
### Validation of Debts

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain, "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

29. Defendant's letter provides, "If you request verification on this debt, we will mail verification to you."

30. Defendant's letter fails to advise Plaintiff that Plaintiff's notification to the debt collector must be in writing, as required by 15 U.S.C. § 1692g(a)(4).

31. Defendant's letter fails to advise Plaintiff that Plaintiff's notification must be in writing within 30 days of receipt of the letter, as required by 15 U.S.C. § 1692g(a)(4).

32. Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

33. Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

34. Defendant has violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)
### Validation of Debts

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain, "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. Defendant's letter provides, "We will provide the name of the original creditor if that creditor is different than the current creditor."

4

38. Defendant's letter fails to advise Plaintiff that Plaintiff must request the name of the original creditor, as required by 15 U.S.C. § 1692g(a)(5).

39. Defendant's letter fails to advise Plaintiff that Plaintiff must request the name of the original creditor in writing, as required by 15 U.S.C. § 1692g(a)(5).

40. Defendant's letter fails to advise Plaintiff that Plaintiff's request must be in writing within 30 days of receipt of the letter, as required by 15 U.S.C. § 1692g(a)(5).

41. Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

42. Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

43. Defendant has violated 15 U.S.C. § 1692g(a)(5) by its failure to provide the information required by that Section.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

46. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

47. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

48. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

49. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

50. Demanding immediate payment without explaining that such demand does not

5

override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

51. Demanding immediate payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

52. Defendant has demanded Plaintiff make payment during the validation period.

53. Defendant's letter states, "Your account balance with the above-director has been placed with our office for immediate collection."

54. Defendant's letter states, "We expect to receive this check by return mail."

55. Defendant's letter states, "If for some reason you cannot make full payment, we request you call our office immediately."

56. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

57. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

58. Defendant's demand for payment would likely make the least sophisticated consumer uncertain as to her rights.

59. Defendant's demand for payment would likely make the least sophisticated consumer confused as to her rights.

60. Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e(3)**
**False or Misleading Representations**

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

63. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

6

64. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

65. Here, Defendant's letter is signed by Marc Skop, and immediately under this name is the title "Legal Account Executive."

66. The least sophisticated consumer would likely be deceived by Defendant's conduct.

67. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

68. By Defendant's use of the title "Legal Account Executive," the least sophisticated consumer would likely be deceived into believing that Defendant's letter was from an attorney.

69. Defendant violated § 1692e by making a false representation or implication that any individual is an attorney or that any communication is from an attorney.

## SIXTH COUNT
### Violation of 15 U.S.C. § 1692e(5)
### False or Misleading Representations

70. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

72. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

73. 15 U.S.C. § 1692e(5) prohibits a debt collector from using the false threat to take any action that cannot legally be taken or that is not intended to be taken.

74. Here, Defendant's letter is signed by Marc Skop, and immediately under this name is the title "Legal Account Executive."

75. The least sophisticated consumer would likely be deceived by Defendant's conduct.

76. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

77. By Defendant's use of the title "Legal Account Executive," the least sophisticated consumer would likely be deceived into believing that legal action was probable.

78. By Defendant's use of the title "Legal Account Executive," the least sophisticated consumer would likely be deceived into believing that legal action was imminent.

7

79. Defendant violated § 1692e by making a false threat to take any action that cannot legally be taken or that is not intended to be taken.

## SEVENTH COUNT
### Violation of 15 U.S.C. § 1692e(10)
### False or Misleading Representations

80. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

81. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

82. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

83. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

84. The least sophisticated consumer would likely be deceived by Defendant's conduct.

85. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

86. As explained herein, Defendant has violated § 1692e(10) by using a false, deceptive and misleading representation in its attempt to collect a debt, as described herein.

## EIGHTH COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

87. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

88. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

89. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

90. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

91. Even if a debt collector conveys the required information accurately, the debt

8

collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

92. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

93. Here, Defendant's letter is signed by Marc Skop, and immediately under this name is the title "Legal Account Executive."

94. By Defendant's use of the title "Legal Account Executive," the least sophisticated consumer would likely be deceived into believing that legal action was probable.

95. By Defendant's use of the title "Legal Account Executive," the least sophisticated consumer would likely be deceived into believing that legal action was imminent.

96. Defendant's use of the title "Legal Account Executive," would likely make the least sophisticated consumer uncertain as to her rights.

97. Defendant's use of the title "Legal Account Executive," would likely make the least sophisticated consumer confused as to her rights.

98. Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

### NINTH COUNT
### Violation of the Rosenthal Fair Debt Collection Practices Act
### California Civil Code §§ 1788-1788.32

99. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

100. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

101. Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

102. Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

103. Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

104. California Civil Code § 1788.17 provides that every debt collector collecting or

9

attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

105. California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

106. California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

107. Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

## **CLASS ALLEGATIONS**

108. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the states of California and New York from whom Defendant attempted to collect a delinquent consumer debt using the same form collection letter used concerning Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA and the Rosenthal Fair Debt Collection Practices Act.

109. Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff, in their attempts to collect delinquent consumer debts from other persons.

110. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent to Plaintiff.

111. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

112. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant

has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

113.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiff as Class Representative of the Class, and his attorneys as Class Counsel; and

c.   Find that Defendant's form collection letter violates the FDCPA and the Rosenthal Fair Debt Collection Practices Act; and

d.   Grant statutory damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant damages against Defendant pursuant to The Rosenthal Act §1788.30; and

g.   Grant Plaintiff's actual damages; and

h.   Grant Plaintiff's costs; all together with

i.   Such other relief that the Court determines is just and proper.

DATED: June 25, 2015

           **BARSHAY SANDERS PLLC**

           By: _/s/ Craig B. Sanders_____
           Craig B. Sanders, Esq. [Cal. Bar. No. 284397]
           100 Garden City Plaza, Suite 500
           Garden City, New York 11530
           Tel: (516) 203-7600
           Fax: (516) 706-5055
           csanders@barshaysanders.com
           *Attorneys for Plaintiff*
           Our File No.: 108940